**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

WILLIAM HUGH MAYES

    Debtor

Case No. 04-36020

WILLIAM HUGH MAYES

    Plaintiff

v.

CHASE AUTOMOTIVE FINANCE

    Defendant

Adv. Proc. No. 07-3040

**MEMORANDUM ON
MOTION FOR SUMMARY JUDGMENT**

**APPEARANCES**:   LAW OFFICES OF MAYER & NEWTON
    Richard M. Mayer, Esq.
    John P. Newton, Jr., Esq.
    1111 Northshore Drive
    Suite S-570
    Knoxville, Tennessee 37919
    Attorneys for Plaintiff/Debtor

   WINCHESTER, SELLERS, FOSTER & STEELE, P.C.
    Anthony R. Steele, Esq.
    Post Office Box 2428
    Knoxville, Tennessee 37901-2428
    Attorney for Defendant

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

On May 22, 2007, the Plaintiff/Debtor filed a Complaint asking the court to grant him a judgment against the Defendant in the amount of $4,750.00 for impairment of collateral and/or conversion of post-petition payments received from the Debtor. Additionally, the Debtor seeks an order directing the Defendant to provide an accounting of all post-petition payments received from the Debtor and to return these payments to the Debtor or to pay them over to the Chapter 7 Trustee. On June 22, 2007, an Answer to Complaint (Answer) was filed by JP Morgan Chase Bank, N.A. a/k/a Chase Auto Finance.[1]

Presently before the court is the Motion For Summary Judgment By Defendant JP Morgan Chase Bank, N.A. a/k/a Chase Auto Finance (Motion for Summary Judgment) filed on October 31, 2007. Filed contemporaneously with the Motion for Summary Judgment was the Statement of Undisputed Material Facts and Brief in Support of Motion for Summary Judgment required by E.D. Tenn. LBR 7056-1. Additionally, the Defendant relies upon the Affidavit of Deborah Kirsling and the following exhibits attached thereto: (1) a contract dated July 29, 2000, between the Debtor and Saturn of South Oklahoma City evidencing the Debtor's purchase of a 2000 Saturn SL2 sedan (Saturn); (2) an Oklahoma Lien Entry Form - Motor Vehicle received by the Oklahoma Motor License Agent on August 3, 2000, evidencing the entry of a lien on the Saturn in favor of Chase Manhattan Bank USA, N.A., assignee of Saturn of South Oklahoma City; and (3) a Tennessee Certificate of Title issued December 9, 2004, identifying Chase Manhattan Bank USA NA as lienholder with a date of first security interest of December 8, 2004, and evidencing release of the lien as of August 21, 2006. The Debtor did not file a response to the Motion for Summary

---

[1] Since JP Morgan Chase Bank, N.A. and Chase Automotive Finance are apparently the same entity, the court does not deem it necessary that JP Morgan Chase Bank, N.A. be designated as a party defendant under its own name.

Judgment. Pursuant to E.D. Tenn. LBR 7007-1, the court construes lack of response to mean the Debtor does not oppose the requested relief. Additionally, because the Debtor did not respond to the Statement of Undisputed Material Facts, all facts set forth therein are deemed admitted pursuant to E.D. Tenn. LBR 7056-1(b).

This is a core proceeding. 28 U.S.C.A. § 157(b)(2)(A), (O) (West 2006).

I

The following undisputed facts were either set forth in the Statement of Undisputed Material Facts and/or have been established from the pleadings and documents entered into the record as stated above. On July 29, 2000, while a resident of Oklahoma, the Debtor purchased the Saturn from Saturn of South Oklahoma City. STMT. MAT. FACTS ¶ 1; KIRSLING AFF. ¶¶ 4-5; KIRSLING AFF. EX. 1. The Debtor financed the purchase price through a series of monthly payments for three years followed by a balloon payment in excess of $10,000.00, and the Defendant's lien was noted in accordance with Oklahoma law. STMT. MAT. FACTS ¶ 2-3; KIRSLING AFF. ¶¶ 4-5; KIRSLING AFF. EX. 2. Subsequently, the Debtor was unable to satisfy the balloon payment, and at some point between September 29 and November 6, 2003, he entered into a transaction with the Defendant for the balance due, agreeing to include the Saturn as collateral. STMT. MAT. FACTS ¶¶ 4-5; KIRSLING AFF. ¶ 6. The Defendant applied for and noted its lien upon the Tennessee Certificate of Title on December 9, 2004. STMT. MAT. FACTS ¶ 5; KIRSLING AFF. ¶ 6; KIRSLING AFF. EX. 3.[2]

---

[2] Both Ms. Kirsling's Affidavit and the Statement of Undisputed Material Facts state that "a lien was ultimately applied for and noted upon the Tennessee Certificate of Title for the benefit of 'JP Morgan Chase Bank/Bank One,' a predecessor in interest of Chase Auto Finance[.]" STMT. MAT. FACTS ¶ 5; KIRSLING AFF. ¶ 6. However, the Certificate of Title itself, attached as Exhibit 3 to Ms. Kirsling's Affidavit, clearly indicates that the first lienholder is "Chase Manhattan Bank USA NA."

The Debtor filed the Voluntary Petition commencing his Chapter 7 bankruptcy case on November 12, 2004. STMT. MAT. FACTS ¶ 6; KIRSLING AFF. ¶ 7. On June 14, 2006, the Chapter 7 Trustee in the Debtor's case, Michael H. Fitzpatrick, filed Adversary Proceeding No. 06-3095, styled *Fitzpatrick v. JPMorgan Chase Bank/Bank One (In re Mayes)*, seeking to avoid the Defendant's lien on the Saturn, asserting that the notation of its lien in December 2004 was either a preferential transfer or an impermissible post-petition transfer (Fitzpatrick Adversary Proceeding). COMPL. ¶ 9; ANS. ¶ 1; STMT. MAT. FACTS ¶ 6; KIRSLING AFF. ¶ 8. The Defendant determined that the Chapter 7 Trustee's position appeared to be meritorious and that settlement would be in its best interest. STMT. MAT. FACTS ¶ 7; KIRSLING AFF. ¶ 9. The Fitzpatrick Adversary Proceeding was thus settled, and an Agreed Order Voiding Lien of JPMorgan Chase Bank/Bank One and Allowing Claim as Unsecured (Agreed Order Voiding Lien) was entered on July 31, 2006, avoiding the lien set forth on the December 2004 Tennessee Certificate of Title, disallowing the Defendant's claim filed as secured, and allowing the Defendant an unsecured claim. COMPL. ¶ 10; COMPL. EX. 1; ANS. ¶ 1; STMT. MAT. FACTS ¶¶ 7-8; KIRSLING AFF. ¶ 9.

The Debtor received a discharge on March 11, 2005. COMPL. ¶ 8; ANS. ¶ 1. Throughout his bankruptcy case, the Debtor retained possession of the Saturn and continued to voluntarily make the required monthly payments to the Defendant. COMPL. ¶ 7; ANS. ¶ 1; STMT. MAT. FACTS ¶ 9; KIRSLING AFF. ¶ 10. After applying all payments received from the Debtor, the Defendant filed an unsecured proof of claim in the amount of $888.87. STMT. MAT. FACTS ¶ 10; KIRSLING AFF. ¶ 11.

In its Motion for Summary Judgment, the Defendant argues that there are no genuine issues of material fact and that based upon the allegations raised by the Debtor in the Complaint, it is entitled to a judgment and dismissal of the adversary proceeding as a matter of law.

## II

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (made applicable in adversary proceedings pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure). When considering a motion for summary judgment, the court does not weigh the evidence to determine the truth of the matter asserted, but simply determines whether a genuine issue for trial exists. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986).

The party seeking summary judgment bears the initial burden of proving that there are no genuine issues of material fact, thus entitling it to judgment as a matter of law. *Owens Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001). The burden then shifts to the non-moving party to produce specific facts showing a genuine issue for trial, *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986), by citing specific evidence and not merely relying upon allegations contained in the pleadings. *Harris v. Gen. Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). The facts and all resulting inferences are viewed in a light most favorable to the non-moving party, *Matsushita*, 106 S. Ct. at 1356, and the court will decide whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." *Anderson*, 106 S. Ct. at 2512. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 106 S. Ct. at 2510.

Based upon the undisputed facts and the record presented, the court finds that there are no genuine issues of material fact, and the Defendant is entitled to judgment as a matter of law.

A

The Debtor first avers that the Defendant's failure to provide proof of its security interest and defend the Fitzpatrick Adversary Proceeding filed by the Chapter 7 Trustee for avoidance of the lien on the Saturn constitutes an impairment of the collateral, but does not provide any authority in support of this contention. Irrespective of the lack of authority, the Defendant is entitled to judgment on this issue as a matter of law because the Agreed Order Voiding Lien constituted settlement of the Fitzpatrick Adversary Proceeding which is now res judicata, and all issues that could have been raised are precluded from re-litigation. *See Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). Accordingly, the Debtor may not collaterally attack the Trustee's settlement of the Fitzpatrick Adversary Proceeding. The Trustee is the sole representative of the estate and is vested with the capacity to sue or be sued, 11 U.S.C.A. § 323 (West 2004), and "after appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." *In re Cain*, 101 B.R. 440, 442 (Bankr. E.D. Pa. 1989); *see also Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988) ("The trustee is

empowered to compromise causes of action belonging to the bankruptcy estate. While the trustee must give consideration to the debtors' interest in any surplus remaining after the payment of all debts, fees, and administrative expenses, *see* 11 U.S.C. § 726(a)(6), he must also protect the interests of unsecured creditors. Fully litigating a tort claim could easily exhaust assets that would otherwise go to creditors, and in the first instance the person vested with responsibility for deciding whether to settle or fight is the trustee, not the debtor.").

**B**

The Debtor also argues that the Defendant's continued acceptance of post-petition payments from the Debtor constitutes either a conversion of those funds or a violation of the discharge injunction of 11 U.S.C.A. § 524(a) (West 2004). Based upon the record before it, the court finds that neither of these arguments has merit, and the Defendant is also entitled to judgment as a matter of law with respect to these issues.

Under Tennessee law, conversion is an intentional tort and requires proof that a party appropriated another's property for his own use by exercising dominion and control in exclusion or defiance of the owner's right to use and benefit from the property. *Mammoth Cave Prod. Credit Ass'n v. Oldham*, 569 S.W.2d 833, 836 (Tenn. Ct. App. 1977). Here, the Debtor made voluntary payments to the Defendant after the commencement of his Chapter 7 case. There is nothing in the record to indicate that the Defendant in any way solicited or required the Debtor to make post-petition payments, nor is there any evidence that the Defendant exercised dominion and control in

defiance of the Debtor's right to use and benefit from the payments it accepted. As such, there is no basis for the Debtor's averments that the Defendant converted his property.

Additionally, following his discharge on March 11, 2005, the Debtor was no longer personally liable for any pre-petition debts. *See In re Leonard*, 307 B.R. 611, 613 (Bankr. E.D. Tenn. 2004). Entry of the discharge also triggered application of the discharge injunction, which "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act to collect, recover or offset any such debt as a personal liability of the debtor . . . [.]" 11 U.S.C.A. § 524(a)(2). Voluntarily accepting payments tendered by a willing debtor clearly falls outside the scope of the discharge injunction. Doing so is not listed among the prohibitions of § 524(a)(2), and moreover, "[n]othing . . . prevents a debtor from voluntarily repaying any debt." 11 U.S.C.A. § 524(f) (West 2004).

## C

Finally, the Debtor argues that the Defendant is being allowed to "double dip" if it receives distribution upon its unsecured claim, considering that it has already received payments from the Debtor. The court disagrees and finds that, once again, there is no genuine issue of material fact, and the Defendant is entitled to judgment as a matter of law on this issue.

The Agreed Order provides that the Defendant shall have an allowed unsecured claim in the amount of its proof of claim, which was $888.87, the amount due and owing after applying all of the payments received voluntarily from the Debtor. A proof of claim filed in accordance with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure "shall constitute prima facie

8

evidence of the validity and amount of the claim[,]" FED. R. BANKR. P. 3001(f), and "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C.A. § 502(a) (West 2004). There is nothing in the record to indicate that the Debtor opposed the allowance of this claim at any time. Additionally, the Debtor has not offered anything into the record to evidence that the amount of the claim in any way overlaps with payments already received by the Defendant from the Debtor.

## III

In summary, based upon the record before it, taken in a light most favorable to the Debtor as the non-moving party, the court finds that there are no genuine issues of material fact, and the Defendant is entitled to judgment as a matter of law. Accordingly, the Defendant's Motion for Summary Judgment shall be granted, and this adversary proceeding shall be dismissed.

An order consistent with this Memorandum will be entered.

FILED: December 5, 2007

> BY THE COURT
>
> /s/ RICHARD STAIR, JR.
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE